IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| RAINBOW INTERNATIONAL CARPET DYEING & CLEANING CO., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 02CV241 PAM/RLE |
| v. | § | Judge |
| | § | |
| TROY MEYER d/b/a RAINBOW CARPET CLEANING, | § | |
| | § | |
| Defendant. | § | |

**FINAL JUDGMENT AND PERMANENT INJUNCTION ON CONSENT**

Upon the consent of Plaintiff Rainbow International Carpet Dyeing & Cleaning Company ("Plaintiff") and Defendant Troy Meyer ("Defendant"), individually and d/b/a "Rainbow Carpet Cleaning," it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1. Plaintiff and Defendant (collectively, "the Parties") have agreed to entry of this Final Judgment and Permanent Injunction on Consent as part of their settlement of this action. In addition to the obligations imposed by this order, the Parties also have entered into a separate Settlement Agreement. Consent to entry of this Final Judgment and Permanent Injunction on Consent is conditioned upon full and timely performance of the Settlement Agreement. This Final Judgment and Permanent Injunction on Consent and the separate Settlement Agreement between Plaintiff and Defendant constitute a settlement of the claims Plaintiff has asserted or could have asserted against Defendant, and any claims Defendant could have asserted against Plaintiff.

APR 1 0 2002
FILED______
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

2. The Parties acknowledge that they have knowingly and voluntarily entered into this Final Judgment and Permanent Injunction on Consent and the separate Settlement Agreement after reviewing the same with their counsel, or after having full and fair opportunity to do so, and that they understand the undertakings, obligations and terms contained in these documents.

3. On January 23, 2002, Plaintiff brought this action alleging service mark infringement, unfair competition, and deceptive trade practices in violation of the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* ("Lanham Act") and Minnesota state law.

4. Plaintiff Rainbow International Carpet Dyeing & Cleaning Company is a Texas corporation with a place of business at 1010 North University Parks Drive, Waco, Texas 76707.

5. Plaintiff is a franchisor of a nationwide system of businesses which provide carpet cleaning, dyeing, repair, reinstallation and related services; upholstery, drapery and ceiling cleaning and related services; deodorization services; and water and smoke restoration services (referred to collectively as "carpet and upholstery dyeing and cleaning services"). The RAINBOW INTERNATIONAL® franchise system currently consists of 300 franchisees in over forty states, each of which operates under the name and service mark RAINBOW INTERNATIONAL®. Each RAINBOW INTERNATIONAL® franchise is operated pursuant to a franchise agreement under which Plaintiff imposes certain obligations and retains certain rights to help ensure the protection of its service marks and the uniform quality of the services provided by franchisees in the RAINBOW INTERNATIONAL® franchise system. Plaintiff has devoted substantial amounts of time, money, and effort to ensure that its franchised outlets are operated in accordance with the franchise agreement.

6. Defendant Troy Meyer is an individual who, on information and belief, resides or may be found at 410 W. Summit Ave., Fergus Falls, MN 56537.

7. Pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, the Court has subject matter jurisdiction over Plaintiff's claims of infringement of its federally registered service marks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). The Court has supplemental jurisdiction over Plaintiff's claims of deceptive trade practices and unfair competition under Minnesota statutory and common law pursuant to 28 U.S.C. § 1367.

8. This Court has personal jurisdiction over Defendant because Defendant resides in this state and does business in this state.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) & (2) because Defendant resides in this District and a substantial part of the events or omissions giving rise to the action occurred in this District.

10. Plaintiff is the owner of the following federal trademark registrations for its RAINBOW INTERNATIONAL® mark (collectively referred to as the "Rainbow International Registrations"): RAINBOW INTERNATIONAL (Reg. No. 1,672,096) for "carpet and upholstery cleaning services" in International Class 37 and "carpet and upholstery dyeing, tinting and colorizing" in International Class 40; and RAINBOW INTERNATIONAL CARPET DYEING & CLEANING (and Design) (Reg. No. 1,481,898) for "carpet cleaning services" in International Class 37 and "carpet and upholstery dyeing, tinting, and colorizing," in International Class 40.

11. Plaintiff and its franchisees have engaged in the marketing and use of Plaintiff's RAINBOW INTERNATIONAL® mark in connection with carpet and upholstery dyeing and cleaning services throughout the United States. Further, Plaintiff and its franchisees are currently investing significant time, effort, and money in advertising, marketing, and promoting Plaintiff's RAINBOW INTERNATIONAL® mark and the services provided under the mark. Plaintiff's RAINBOW INTERNATIONAL® mark is widely recognized for quality carpet and upholstery dyeing and cleaning services provided by Plaintiff's RAINBOW INTERNATIONAL® franchise system.

12. As a result of the continuous and exclusive use, since at least as early as 1980, of the RAINBOW INTERNATIONAL® mark by Plaintiff and its franchisees, the mark enjoys wide public acceptance and association with Plaintiff and has come to be recognized widely and favorably by the public as an indicator of the origin of the services provided by Plaintiff's RAINBOW INTERNATIONAL® franchise system. Further, as a result of the extensive use and promotion of Plaintiff's RAINBOW INTERNATIONAL® mark in interstate commerce by Plaintiff and its franchisees, Plaintiff now owns valuable goodwill that is symbolized by Plaintiff's RAINBOW INTERNATIONAL® mark, and the purchasing public has come to associate Plaintiff's RAINBOW INTERNATIONAL® mark as identifying services created, distributed, authorized, or licensed exclusively by Plaintiff.

13. Plaintiff has concrete plans to expand its RAINBOW INTERNATIONAL® franchise system into the Otter Tail County area. Plaintiff has actively solicited prospective franchisees for this area and has been engaged in discussions with a prospective franchisee interested in opening a RAINBOW INTERNATIONAL® franchise in Otter Tail and Clay Counties.

14. Defendant was employed as a technician by a former RAINBOW INTERNATIONAL® franchise covering a territory comprised of Wilken, Otter Tail and Grant Counties. Defendant has never been a licensed RAINBOW INTERNATIONAL® franchisee and, consequently, has never had any right to offer carpet and upholstery cleaning services under the RAINBOW INTERNATIONAL Marks or any imitations thereof.

15. Defendant presently offers carpet cleaning services under the name "Rainbow Carpet Cleaning."

16. In violation of the laws of the United States and the State of Minnesota, Defendant has operated his business under a confusingly similar imitation of the RAINBOW INTERNATIONAL® mark, and he has thereby caused and continues to cause actual confusion among members of the trade and the consuming public, including misdirected calls, which have resulted in injury to the Plaintiff. Plaintiff and Defendant have therefore consented to entry of the following injunction:

Defendant and all agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendant, or in concert or participation with Defendant, and each of them, hereby are enjoined from:

a) using the name "Rainbow Carpet Cleaning" or "Rainbow Carpet Cleaning & Dyeing," or any copy, reproduction, or colorable imitation or simulation of the RAINBOW INTERNATIONAL® mark, including the marks covered by the RAINBOW INTERNATIONAL Registrations, in connection with Defendant's business, goods or services; and

b) passing off, palming off, or assisting in passing off or palming off, Defendant's products or services as those of Plaintiff, or otherwise continuing any acts of unfair competition, consumer fraud, and deceptive business and trade practices as alleged in the Complaint.

17. This Court shall retain jurisdiction over this matter to remedy a violation by either party of the terms of this Judgment.

18. No appeals shall be taken from this Judgment and the Parties waive all right to appeal.

SO ORDERED.

ENTER:

United States District Judge

Date: April 10, 2002



ATLLIB01 1294664.1

Agreed to by and between the Parties hereto as of this 5th day of April, 2002.

**RAINBOW INTERNATIONAL CARPET DYEING & CLEANING CO.**

By: ______________________

Title: President

**TROY MEYER (individually and d/b/a RAINBOW CARPET CLEANING)**

______________________

Respectfully submitted,

______________________

Laura Hein Minn. Atty. No. 155160
GRAY PLANT MOOTY
3400 City Center
33 S 6th Street
Minneapolis, Minnesota 55402-3601

Of counsel:
Christopher P. Bussert, Esq.
Christopher J. Kellner, Esq.
KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4530
404.815.6500 (Phone)
404.815.6555 (Fax)